UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FIFTH THIRD BANK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:12-cv-01074 |
| v. ) | Judge Aleta A. Trauger |
| ) | |
| MONET, a Tennessee general partnership; ) | |
| MICHAEL P. DOLAN, individually; and ) | |
| WILLIAM E. PITTS, individually, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Defendants Monet and Michael P. Dolan have filed a Motion to Stay or Dismiss Fifth Third's Complaint to Enforce Foreign Judgment (Docket No. 6) ("Motion to Stay"), to which the plaintiff, Fifth Third Bank ("Fifth Third") has filed a Response in opposition (Docket No. 8). For the reasons stated herein, the Motion to Stay will be denied.

## BACKGROUND

I. **The *Fifth Third* Action in Florida**

In this case, Fifth Third seeks to enforce a judgment issued by a Florida state trial court in *Fifth Third Bank v. Monet, et al.*, Case No. 09-CA-002262 (Fla. Cir. Ct.) (hereinafter "*Fifth Third*").[1] In the *Fifth Third* lawsuit, Fifth Third sued Monet, Dolan, Daniel Paulus, William Pitts,

---

[1]The background facts of this case, which are essentially procedural facts concerning *Fifth Third*, are drawn from the allegations in the Complaint in this case (Docket No. 1), the *Fifth Third* order of final judgment attached thereto (*id.*, Ex. A), and additional exhibits introduced by the parties here (without objection) reflecting proceedings in *Fifth Third* and the notice of appeal thereof, over which this court takes judicial notice. (*See* Docket No. 7, Ex. A (Notice of Appeal of *Fifth Third* to Florida First District Court of Appeal); Docket No. 9, Exs. A (circuit court order denying motion to dismiss) and B at pp. 1-6 (Fifth Third's Reply and Motion

1

and the Watercolor Community Association, Inc. Paulus, Dolan, and Monet, who are Tennessee residents, moved to dismiss the claims against them for lack of personal jurisdiction and/or subject matter jurisdiction.[2] On March 10, 2011, the circuit court summarily denied that motion. On April 12, 2011, Fifth Third moved to strike, *inter alia*, the affirmative defense of lack of personal jurisdiction pleaded by Paulus, Dolan, and Monet, on the basis that the circuit court's March 10, 2011 order precluded that defense. On September 9, 2011, the circuit court issued an order that summarily granted Fifth Third's motion and, *inter alia*, struck the defense of lack of personal jurisdiction.

On September 6, 2012, the circuit court entered an order of "Final Judgment" in favor of Fifth Third Bank. The Final Judgment Order held Monet, Dolan, and Pitts jointly and severally liable for approximately $2.8 million, plus post-judgment interest.[3] On unspecified grounds,

---

to Strike) and at pp. 7-8 (circuit court order striking affirmative defenses)); *Winget v. JP Morgan Chase Bank*, 537 F.3d 565, 576 (6th Cir. 2008) (judicial notice).

[2] In its Memorandum (Docket No. 9), Fifth Third states that the defendants in this action "challenged jurisdiction, and the Court overruled their objection, holding that it had subject matter jurisdiction," as expressed by the circuit court in a March 10, 2011 order. (*Id.* at p. 1.) Before the Florida circuit court, Fifth Third also took the position that the March 10, 2011 order also decided the issue of personal jurisdiction. (Docket No. 9, Ex. B, at p. 3 ¶ 4.) Here, Monet and Dolan do not challenge Fifth Third's representation that they litigated – and lost on the merits – multiple challenges to the Florida circuit court's assertion of personal jurisdiction and subject matter jurisdiction. Accordingly, the court will assume that the March 10, 2011 order – among other orders issued by the Florida circuit court – resolved objections by the defendants both as to subject matter jurisdiction and personal jurisdiction.

[3] Paulus went bankrupt before the circuit court entered the Final Judgment Order, staying the entry of judgment against him. (Docket No. 8 at p. 2 ¶ 6.) Perhaps for that reason, Paulus is not a defendant in this case. Also, for reasons that the parties have not specified here, it appears that Watercolor Community Association, Inc. was not subject to that Final Judgment Order either, although, incidentally, both that company and Paulus appear to have been subject to a Final Judgment of Foreclosure issued by the circuit court on September 27, 2012. (Docket No. 7, Ex. A at p. 3. ¶ 1.)

Monet and Dolan filed a motion for relief from the Final Judgment Order, which the circuit court denied on September 21, 2012. On October 18, 2012, Monet and Dolan filed a timely Notice of Appeal, challenging the circuit court's refusal to dismiss the claims against them for lack of subject matter jurisdiction and/or lack of *in personam* jurisdiction. According to Fifth Third's unrebutted representations here, Money and Dolan did not obtain a stay of judgment from the circuit court or post a bond to stay the judgment pending appeal, as required by Rule 9.310 of the Florida Rules of Appellate Procedure (hereinafter "Fla. R. App. P.").

## II. Fifth Third's Action to Enforce the Judgment in this District

On October 19, 2012, Fifth Third filed the instant action, in which it seeks to enforce the Florida circuit court judgment against Monet, Dolan, and Pitts, a process that is commonly referred to as "domesticating" the foreign judgment. On November 21, 2012, Monet and Dolan filed the instant Motion to Stay with a supporting Memorandum of Law (Docket No. 7), to which Fifth Third filed a Response in opposition with a supporting Memorandum of Law (Docket No. 9).[4] The defendants argue that, under Tennessee state law concerning the domestication of

---

[4]Defendant William E. Pitts has not joined the Motion to Stay ostensibly filed by Monet and Dolan. Also, although the Motion to Stay is styled as filed on behalf of both Monet and Dolan, the motion and the arguments in support thereof appear to relate only to Dolan. (*See, e.g.*, Motion to Stay at pp. 2-3 ("[T]he Court should enter an Order staying this action pending the outcome of the appeal . . . of the issues related to the lack of subject matter jurisdiction and *in personam* jurisdiction *as they relate to Defendant Michael Dolan* in such Florida proceedings.") (emphasis added); Defs. Mem. at p. 3 ("Plaintiff Fifth Third's Action *against Defendant Michael P. Dolan* should be stayed . . . for lack of subject matter jurisdiction and . . . for lack of personal jurisdiction.") (emphasis added).) Furthermore, the parties have not addressed whether a stay relative to one (or two) of the three defendants would require a stay as to all defendants. At any rate, these potential questions are moot because, for the reasons explained herein, the Motion to Stay will be denied in the first place. Subject to these clarifications, the court hereinafter will refer to the parties (or party) filing the Motion to Stay as "the defendants" for purposes of linguistic simplicity only.

foreign judgments, this court should stay or dismiss this case because the *Fifth Third* circuit court decision is on appeal in Florida. In opposition, Fifth Third argues that, under Tennessee state law and/or federal law concerning the domestication of foreign judgments, this court is obligated to enforce the *Fifth Third* judgment because, in Florida, the judgment is final and enforceable. In support of this argument, Fifth Third represents that the defendants have not complied with Fla. R. App. P. 9.301, which requires a party seeking a stay to post bond or to obtain a stay from the trial court. The defendants have not replied to Fifth Third's representations – which the court will therefore assume as true for purposes of its disposition of the instant motion – or to Fifth Third's interpretation of Florida law concerning the finality and enforceability of the *Fifth Third* judgment.

## APPLICABLE LAW

Under federal statutory law, 28 U.S.C. § 1738 (2012), federal courts are required to give full faith and credit to the judgments of state courts.[5] *See* 28 U.S.C. § 1738 (stating that authenticated judicial proceedings of state courts "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken."); *Davis*, 305 U.S. at 40. In applying this statute, a federal court is, subject to narrow exceptions not applicable here, obligated to grant a foreign judgment the same effect that it would have in the jurisdiction in which it was rendered. *Morris v. Jones*, 329 U.S.

---

[5]The Full Faith and Credit Clause of the United States Constitution, Art. IV. § 1, is binding only upon state courts, not federal courts. *See Davis v. Davis*, 305 U.S. 32, 39-40, 59 S. Ct. 3, 83 L. Ed. 26 (1938); *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 483 n.24, 102 S. Ct. 1883, 72 L. Ed. 2d 262 (1982); *Wayside Transp. Co. v. Marcell's Motor Express, Inc.*, 284 F.2d 868, 870-871 (1st Cir. 1960). However, in enacting § 1738, Congress "extended the rule of the Constitution to all courts, Federal as well as State." *Davis*, 305 U.S. at 40; *see also Kremer*, 456 U.S. at 483 n.24.

545, 550-551, 67 S. Ct. 451, 91 L. Ed. 488 (1947) ("The full faith and credit to which a judgment is entitled is *the credit which it has in the State from which it is taken*, not the credit that under other circumstances and conditions it might have had.") (emphasis added); *Kremer*, 456 U.S. at 481-82 ("It has long been established that § 1738 does not allow federal courts to employ their own rules of res judicata in determining the effect of state judgments. Rather, it goes beyond the common law and commands a federal court to accept the rules chosen by the State from which the judgment is taken.") Thus, in § 1738, "Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." *Kremer*, 456 U.S. at 482 (quoting *Allen v. McCurry*, 449 U.S. 90, 96, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980)); *Hooks v. Hooks*, 771 F.2d 935, 947 (6th Cir. 1985) ("The judgment of state courts are afforded the same preclusive effect in the federal courts to which they would be entitled in the courts of the state in which they were entered.") (citing § 1738).

"[T]he general rule [is] that a judgment is entitled to full faith and credit – *even as to questions of jurisdiction* – when the second court's inquiry discloses that those questions have been fully and fairly litigated and finally decided in the court which rendered the original judgment." *Durfee v. Duke*, 375 U.S. 106, 111, 84 S. Ct. 242, 245, 11 L. Ed. 2d 186 (1963) (emphasis added). Thus, where the issue of jurisdiction has been "fully and fairly litigated and finally decided in the court which rendered the original judgment," a federal court should not stay enforcement of that judgment. *See id.* at 111; *Hooks*, 771 F.2d at 949 ("It is well-settled . . . that full faith and credit extends to state court determinations of subject matter jurisdiction over a controversy, as well as the merits of the controversy itself."); *Lexus Real Estate Grp., Inc. v.*

5

*Bullitt Cnty. Bank*, 300 F. App'x 351, 356-57 (6th Cir. 2008) ("[T]he rules that relate to res judicata to an asserted lack of personal jurisdiction are simple and well settled. If a defendant appears to challenge personal jurisdiction, disposition of the challenge is directly binding as a matter of res judicata") (quoting 18A Wright, Miller & Cooper Fed. Prac. & Proc: Jurisdiction 2d § 4430 (1984)); *Gough v. Transamerica Life Ins. Co.*, 781 F. Supp. 2d 498 (W.D. Ky. 2011) (where, over defendant's objections, Arkansas courts determined that trial court had subject matter jurisdiction, that determination was binding on federal district court as a matter of *res judicata*); *see also Fid. Std. Life Ins. Co. v. First Nat'l Bank & Trust Co. of Vidalia*, 510 F.2d 272, 273 (2d Cir. 1975); *Key v. Wise*, 629 F.2d 1049, 1056 (5th Cir. 1980).

Federal courts have recognized that, in some exceptional circumstances – none of which are present here – federal courts may address collateral attacks on the jurisdiction of the originating court. For example, where a judgment was obtained in violation of procedural due process rights, where a judgment is procured by fraud upon the rendering court, or where the state court judgment is patently void because of a "clear usurpation of power" (as opposed to a simple legal error in finding jurisdiction), federal courts have considered a collateral jurisdictional challenge to enforcement of the judgment. *See, e.g., Griffin v. Griffin*, 327 U.S. 220, 66 S. Ct. 556, 90 L. Ed. 635 (1946) (due process violation, where defendant had no notice of suit); *Kremer*, 456 U.S. at 481 (with respect to right to "a full and fair opportunity to litigate," the "state proceedings need do no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause in order to qualify for the full faith and credit guaranteed by federal law"); *Wyman v. Newhouse*, 93 F.2d 313, 314-15 (2nd Cir. 1937) (where plaintiff was fraudulently induced to appear in Florida, personal jurisdiction in Florida was

lacking and judgment by Florida court was therefore null and void); *Hooks*, 771 F.2d at 949 (acknowledging that some federal courts had refused to grant full faith and credit to a state court could judgment that was "void" because it reflected "a clear usurpation of power" by the rendering court, or where its enforcement "would defeat a vital and overriding federal interest"). Furthermore, if the originating state itself would recognize a collateral attack on a judgment issued by the rendering court within that state, federal courts may consider such collateral attacks to the extent they are properly raised. *See Hooks*, 771 F.2d at 949 (where Texas law permitted a collateral attack on Texas judgment as "void," court considered whether, in light of that exception to enforcement in Texas, federal court should extend full faith and credit to Texas judgment at issue).

## **ANALYSIS**

Here, the defendants do not dispute that Monet and Dolan had the opportunity to fully and fairly litigate the issue of personal jurisdiction before the circuit court in *Fifth Third*. Indeed, it appears that Monet and Dolan objected multiple times to the circuit court's exercise of personal jurisdiction over them and its exercise of subject matter jurisdiction over the case – but lost on the merits each time. Here, the defendants have not re-argued the merits of their jurisdictional challenges in *Fifth Third*; nor, for that matter, does the record even contain the legal basis for those challenges. Indeed, the defendants have not asked the court to conduct an independent assessment as to whether the *Fifth Third* judgment is "void" for any reason, nor have they argued that Florida would recognize any other independent basis for a collateral attack on that judgment.

In the absence of a viable collateral jurisdictional challenge, the court's obligation is to

give the *Fifth Third* judgment the same effect that it would have in Florida.[6] The defendants argue that this court should, at a minimum, stay this action because the circuit court's judgment is on appeal and, therefore, is not final. Under Fla. R. App. P. 9.310, a party subject to a Florida state trial court judgment can stay the judgment only by (1) obtaining a stay (by motion) from the trial court itself, *id.* 9.310(a), or (2) with respect to a money judgment (as is the case here), posting "a good and sufficient bond" to obtain an automatic stay of execution pending review, *id.* 9.310(b)(1).[7] Therefore, absent a stay issued by the Florida trial court (upon a successful motion) or the posting of "good and sufficient bond", a circuit court judgment in Florida is final and enforceable for purposes of "full faith and credit," notwithstanding the fact that the judgment has been appealed. *See Maner v. Maner*, 412 F.2d 449, 450-51 (5th Cir. 1969) (applying precursor to Rule 9.310); *Tarr v. Tarr*, 391 F. Supp. 1053, 1054 (E.D. Tenn. 1974) (same); *Int'l Truck & Engine Corp. v. Capital Truck*, 872 So. 2d 372, 375 (Fla. Dist. Ct. App. 2004).

Indeed, in *International Truck*, the Florida District Court of Appeals found that, where a Florida circuit court had issued a judgment and the defendants did not comply with Rule 9.310 when taking their appeal of that judgment, the circuit court judgment was final and enforceable. Thus, "[t]he appeal to this court notwithstanding, until the circuit court or this court imposes a stay on the circuit court's final order, that order is in effect, and controls." *Id.* Thus, "a Florida

---

[6]Here, without reference to federal law (let alone § 1783), the plaintiffs rely on their interpretation of the Tennessee Uniform Enforcement of Foreign Judgments Act ("UEFJA"), Tenn. Code. Ann. § 26-6-101 *et seq.* (2012), to which the defendants have offered a competing interpretation. However, this court's analysis is governed by the law of the originating court – *i.e.*, Florida law – not Tennessee law.

[7]Rule 9.310(c) details the requirements for a "good and sufficient" bond. Rule 9.301(b)(1) also specifies that, to obtain an automatic stay of a money judgment, a party must post a "good and sufficient bond" equal to the principal amount of the judgment plus twice the statutory rate of interest.

judgment . . . is enforceable in another state under the full faith and credit clause of the federal constitution, despite a showing that an appeal is being prosecuted from the Florida circuit court decree." *Id.* (approvingly citing Fifth Circuit decision in *Maner*). *See also Joannou v. Corsini*, 542 So. 2d 308, 310-11 (Fla. Dist. Ct. App. 1989) ("An appeal does not affect finality, but a party may stay enforcement by posting a supersedeas bond in the case of a money judgment.")

Here, the defendants do not dispute that they have not complied with Rule 9.310. Accordingly, under Florida law, the circuit court judgment in *Fifth Third* is final and enforceable in Florida. The defendants have offered no other arguments in support of a stay or dismissal of this case. Thus, under § 1738, this court must enforce the circuit court's order. Accordingly, the court will deny the defendants' Motion to Stay.

## **CONCLUSION**

For the reasons stated herein, the Motion to Stay will be denied.

An appropriate order will enter.

_____
ALETA A. TRAUGER
United States District Judge

9