| | |
|---|---|
| FIFTH THIRD BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3:12-cv-01074 |
| v. | ) Judge Aleta A. Trauger |
| | ) |
| MONET, a Tennessee general partnership; | ) |
| MICHAEL P. DOLAN, individually; and | ) |
| WILLIAM E. PITTS, individually, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

Plaintiff Fifth Third Bank ("Fifth Third") has filed a Motion for Default Judgment against

defendant William Pitts (Docket No. 18). Fifth Third has also filed a Motion for Judgment on the

Pleadings against defendants Monet and Michael Dolan (Docket No. 20), to which defendants

Monet and Dolan filed a Response in opposition (Docket No. 26), and Fifth Third filed a Reply

(Docket No. 27). For the reasons stated herein, both motions will be granted and judgment will

enter in favor of Fifth Third.

## BACKGROUND[1]

On September 6, 2012, a Florida state circuit court in *Fifth Third Bank v. Monet*, Case

No. 09-CA-002262 (Fla. Cir. Ct.) (hereinafter "*Fifth Third*"), issued an order holding defendants

Monet, Dolan, and Pitts jointly and severally liable to Fifth Third for approximately $2.8 million,

---

[1]The background of this case is explained in the court's previous opinion denying Monet and Dolan's Motion to Stay or Dismiss. *See Fifth Third Bank v. Monet*, 2012 WL 6700569, No. 3:12-cv-01074 (M.D. Tenn. Dec. 21, 2012) [Docket No. 12 in this case] (opinion referred to hereinafter as "*Monet*"). Familiarity with that opinion is assumed.

1

plus interest.  On October 18, 2012, the defendants appealed that judgment (and the circuit

court's refusal to reconsider it) to Florida's intermediate appellate court, arguing that the circuit

court lacked personal jurisdiction over them and lacked subject matter jurisdiction over the case.

On October 19, 2012, Fifth Third filed this action, in which it seeks to domesticate the

*Fifth Third* judgment against Monet, Dolan, and Pitts.[2]  On November 21, 2012, Monet and

Dolan filed a Motion to Stay or Dismiss the Complaint (Docket No. 6), arguing that, under

Tennessee law, this court was obligated to await the disposition of the *Fifth Third* appeal before

enforcing the circuit court judgment.  On December 21, 2012, this court denied the defendants'

motion.  The court found that, under applicable federal law, the court was obligated to give the

*Fifth Third* judgment the same effect it would have in a Florida state court.  Because the

defendants had failed to obtain a stay from the circuit court or to post a sufficient bond in

compliance with Fla. R. App. P. 9.310, the judgment was final and enforceable in Florida (and

therefore in this court), notwithstanding the pendency of the appeal.  *Monet*, 2012 WL 6700569,

at *2-*4.  Fifth Third now moves for judgment on the pleadings against Monet and Dolan.

Unlike Monet and Dolan, Pitts never responded to the Complaint.  On January 30, 2013,

---

[2]The parties agree that Monet is a Tennessee general partnership with a principal place of business in Tennessee and that Dolan, who is one of Monet's general partners, is a Tennessee resident and citizen. (*See* Docket No. 26, Ex. 2, Affidavit of Michael P. Dolan, ¶ 1; Compl. ¶¶ 2-3.)  Fifth Third also alleges that Pitts is a Tennessee resident and citizen (*see* Compl. ¶ 4), although the court notes that Fifth Third served the Summons and Complaint (along with other filings in this case) on Pitts at an address in Miramar Beach, Florida.  Indeed, the *Fifth Third* judgment itself states that "Pitts' address" is in Miramar Beach, Florida. (*See* Compl, Ex. A).  At any rate, if there were any potential issue regarding Pitts' actual state of citizenship and this court's exercise of personal jurisdiction over him, Pitts has waived that defense by failing to respond to the Complaint.  *See* Fed. R. Civ. P. 12(h)(1)(B) (noting that, *inter alia*, Rule 12(b)(2) defense of lack of personal jurisdiction is waived by failure to include defense in a responsive pleading or a timely Rule 12 motion).

2

Case 3:12-cv-01074   Document 31   Filed 04/23/13   Page 2 of 8 PageID #: 143

upon Fifth Third's motion, the clerk issued an Entry of Default under Fed. R. Civ. P. 55(a)

against Pitts.  (Docket No. 16.)  Fifth Third now moves for default judgment against him.

## ANALYSIS

### I.      Motion for Judgment on the Pleadings

#### A.      Legal Standard

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) applies the same

standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6).  *Johnson v.*

*Bredesen*, 579 F. Supp. 2d 1044, 1049 (M.D. Tenn. 2008) (citing *Lindsay v. Yates*, 498 F.3d 434,

438 (6th Cir. 2007)).  In deciding a motion to dismiss for failure to state a claim under Fed. R.

Civ. P. 12(b)(6), the court will "construe the complaint in the light most favorable to the

plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the

plaintiff."  *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*,

281 F.3d 613, 619 (6th Cir. 2002).  The Federal Rules of Civil Procedure require that a plaintiff

provide "'a short and plain statement of the claim' that will give the defendant fair notice of

what the plaintiff's claim is and the grounds upon which it rests."  *Conley v. Gibson*, 355 U.S.

41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) (quoting Fed. R. Civ. P. 8(a)(2)).  The court must

determine whether "the claimant is entitled to offer evidence to support the claims," not whether

the plaintiff can ultimately prove the facts alleged.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506,

511, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.

Ct. 1683, 40 L. Ed. 2d 90 (1974)).

The complaint's allegations, however, "must be enough to raise a right to relief above the

speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.

3

Ed. 2d 929 (2007).  To establish the "facial plausibility" required to "unlock the doors of

discovery," the plaintiff cannot rely on "legal conclusions" or "[threadbare] recitals of the

elements of a cause of action," but, instead, the plaintiff must plead "factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009).

### B.    Application

The court incorporates the reasoning of its previous opinion concerning the Motion to

Stay or Dismiss.  *See generally Monet*, 2012 WL 6700659.  Briefly, as the court previously

explained in *Monet*, under 28 U.S.C. § 1738, a federal district court must give a state court

judgment the same effect it would have in the jurisdiction in which it was rendered.  *See Morris

v. Jones*, 329 U.S. 545, 550-551, 67 S. Ct. 451, 91 L. Ed. 488 (1947)); *Kremer v. Chem. Constr.

Corp.*, 456 U.S. 461, 482, 102 S. Ct. 1883, 72 L. Ed. 2d 262 (1982); *Hooks v. Hooks*, 771 F.2d

935, 947 (6th Cir. 1985).  This principle extends to state court determinations regarding personal

jurisdiction and subject matter jurisdiction, provided that those issues were "fully and fairly

litigated and finally decided in the court which rendered the original judgment."  *Durfee v. Duke*,

375 U.S. 106, 111, 84 S. Ct. 242, 245, 11 L. Ed. 2d 186 (1963); *see also Hooks*, 771 F.2d at 949

(subject matter jurisdiction); *Lexus Real Estate Grp., Inc. v. Bullitt Cnty. Bank*, 300 F. App'x

351, 356-67 (6th Cir. 2008) (personal jurisdiction).

As explained in *Monet*, 2012 WL 6700569, at \*4, under Florida law, Florida trial court

judgments are final and enforceable for purposes of full faith and credit, unless the party subject

to the judgment obtains a stay pursuant to Fla. R. App. P. 9.310 by either (a) obtaining a stay

from the circuit court upon motion, or (b) posting a "good and sufficient bond" (*see* Fla. R. App.

4

P. 9.310(b)(1) and 9.310(c).) *See Maner v. Maner*, 412 F.2d 449, 450-51 (5th Cir. 1969); *Tarr v. Tarr*, 391 F. Supp. 1053, 1054 (E.D. Tenn. 1974); *Int'l Truck & Engine Corp. v. Capital Truck*, 872 So. 2d 372, 375 (Fla. Dist. Ct. App. 2004). Monet and Dolan do not dispute that they declined to obtain a stay of the Florida circuit court judgment as required by Fla. R. App. P. 3.910.

To the extent Monet and Dolan are simply re-arguing positions that this court considered and rejected in *Monet*, the court rejects them here for the same reasons previously articulated. However, for the first time, Monet and Dolan now argue that they were denied the opportunity to "fully litigate" their personal jurisdiction and subject matter jurisdiction challenges before the Florida circuit court, and, therefore, were denied their right to due process under the Fourteenth Amendment to the United States Constitution. In support of their position, they have attached an affidavit from Dolan in which he avers that he has "never been a resident of Florida or operated, conducted, engaged in, transacted or carried on any business there." (Dolan Aff. ¶ 2.) Dolan also avers that he never signed any documents at issue in *Fifth Third* that "would have required me to perform any acts in the State of Florida." (*Id.* ¶ 3.)

The Supreme Court has held that, to provide a "a full and fair opportunity to litigate" for § 1738 purposes, the "state proceedings need do no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause in order to qualify for the full faith and credit guaranteed by federal law." *Kremer*, 456 U.S. at 481. Thus, as discussed in *Monet*, 2012 WL 6700569, at *3, only in exceptional circumstances will federal courts consider a collateral challenge to the merits of an originating court's exercise of jurisdiction.

Here, the defendants litigated the issue of personal jurisdiction before the Florida circuit

5

court multiple times, both before and after judgment. Initially, the Florida circuit court

considered the defendants' motion to dismiss the case on multiple grounds, including the

defendants' arguments that the court lacked personal jurisdiction and that it lacked subject matter

jurisdiction. After "reviewing the Motion and pleadings in this matter, hearing the arguments of

counsel, and being otherwise duly advised of the premises," (Docket No. 9, Ex. A), the circuit

court summarily denied the defendants' motion to dismiss. The defendants then filed an Answer

that included affirmative defenses re-asserting the defenses of lack of personal jurisdiction and

lack of subject matter jurisdiction, which Fifth Third moved to strike. After "having reviewed the

file, heard arguments of counsel and being otherwise duly advised in the premises," the circuit

court summarily granted Fifth Third's Motion to Strike those defenses. (*Id.*, Ex. B.) The

defendants do not dispute Fifth Third's contention that the defendants again raised the

jurisdictional issues in a "motion for summary judgment," as well as at trial. (Docket No. 21 at p.

7.) Furthermore, after the circuit court entered its September 6, 2012 judgment in favor of Fifth

Third, the defendants filed a Motion for Rehearing and Relief from Judgment (Docket No. 26,

Ex. 1), which again argued that the circuit court lacked personal jurisdiction over the defendants.[3]

The circuit court denied that motion as well.

Certainly, the Florida circuit court's apparent failure to issue written findings is a

disfavored practice that may support the defendants' position on appeal in Florida. Furthermore,

if the self-serving averments in the Dolan Affidavit (filed in this case) are true, those facts could,

depending on the other relevant jurisdictional facts, favor Dolan and Monet's position that the

---

[3]It does not appear that the defendants challenged subject matter jurisdiction in this post-judgment motion in *Fifth Third*.

Florida circuit court improperly exercised jurisdiction.[4]  Regardless, the record does not indicate

that Monet and Dolan were denied *procedural* due process: through counsel, they were permitted

to present jurisdictional challenges multiple times, which the Florida circuit court considered and

rejected, albeit summarily.  They have cited no authority that the Florida circuit court's actions

failed to meet the "minimum procedural requirements" of the Fourteenth Amendment.  If the

Florida circuit court *substantively* erred by exercising personal and subject matter jurisdiction

over the defendants' objections, the issue must be resolved on appeal in Florida, not through

collateral proceedings here.  Moreover, Monet and Dolan could have stayed enforcement of the

judgment through either of two methods available under Florida law, but they declined to avail

themselves of either option.

In sum, Monet and Dolan have not shown that the Florida circuit court proceedings

involved an exceptional procedural due process concern that would warrant a departure from §

1738.  Therefore, under § 1738, the court will give full faith and credit to the Florida circuit

court's judgment.

## II.     Motion for Default Judgment

Pitts has not responded to the Motion for Default Judgment.  Subject to receipt of an

updated form of judgment as described in the next section, the court finds that entering a default

judgment against Pitts under Rule 55(b)(2) is warranted here.

## III.    Amount of the Judgment

The *Fifth Third* judgment states that Fifth Third is entitled to recover from "Monet,

---

[4]In the absence of a complete record of the *Fifth Third* proceedings, the court expresses
no opinion concerning the veracity, likely relevance, or impact of Dolan's representations on the
defendants' jurisdictional challenges currently on appeal in Florida.

Dolan, and Pitts, jointly and severally, the sum of $2,814,795.39 that shall bear interest at the prevailing statutory interest rate of 4.75% per year from this date through December 31st of [2012] . . . . Thereafter, on January 1st of each succeeding year until the judgment is paid, the interest rate will adjust in accordance with section 55.03, Florida Statutes." (Compl., Ex. A.) Fifth Third has filed a proposed default judgment relative to Pitts (Docket No. 18, Ex. 1) but has not filed a proposed judgment relative to Monet and Dolan.

For clarity of the record, Fifth Third will be ordered to file forms of judgment that, in addition to stating the principal award, (1) separately state the interest due through December 31, 2012 at 4.75% per year and (2) state the interest rate applicable from January 1, 2013 forward.[5] The court presumes that Fifth Third will separately file a proposed judgment relative to Monet and Dolan and an updated proposed default judgment relative to Pitts.

## CONCLUSION

For the reasons stated herein, Fifth Third's motions will be granted. Subject to the timely receipt of appropriate forms of judgment, the court will grant judgment on the pleadings to Monet and Dolan and will enter a default judgment against Pitts.

An appropriate order will enter.

_____
ALETA A. TRAUGER
United States District Judge

---

[5]Indeed, Florida Statutes 55.03 requires that "any judgment for money damages . . . shall bear, on its face, the rate of interest that is payable on the judgment." As the court construes Section 55.03, Florida recalculates the interest due on judgments each quarter. (*See* Section 55.03(1)). With respect to a particular judgment, the post-judgment interest rate is fixed at the rate applicable in the quarter in which that judgment was entered, subject to an adjustment on January 1 of the following calendar year at the rate applicable on that date. Thus, it appears that including the rate applicable on January 1, 2013 on the face of the judgment is appropriate here.